IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PHILIPPA DIANE FERNANDES, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-13-2395 |
| § | | |
| DILLARD'S INC., § | | |
| Defendant. § | | |

# **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Compel Arbitration ("Motion") [Doc. # 8] filed by Defendant Dillard's Inc. ("Dillard's"), to which Plaintiff Philippa Diane Fernandes filed a Response [Doc. # 14], and Defendant filed a Reply [Doc. # 15]. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court **grants** Defendant's Motion to Compel Arbitration.

## **I.    BACKGROUND**

Plaintiff worked for Dillard's in the cosmetics department in stores in Louisiana until she resigned to move to Texas. After "awhile to settle in and get acclimated" and to care for her grandson, Plaintiff decided that she was "settled in and ready to work again." *See* First Amended Complaint [Doc. # 3], ¶¶ 7-8. Plaintiff alleges that in April 2012, she applied to work at the cosmetics counter at the Dillard's Department

Store in Pearland, Texas.[1]  Plaintiff was advised that there were no positions available at the Pearland store, and she was referred to the Baybrook store.

Plaintiff then applied for a part-time position in the cosmetics department at the Baybrook store.[2]  The April 5, 2012 application contains a provision requiring any legal claims arising out of the application process to be submitted to binding arbitration.  *See* Application for Employment, Exh. A-1 to Motion.  The arbitration agreement appears immediately above the applicant's signature line in the application, and provides:

> In consideration of Dillard's agreeing to consider my Application, I agree that effective on my submission of this Application, Dillard's and I shall be entitled to the benefits of and mutually agree to become subject to Dillard's RULES OF ARBITRATION (the "RULES").  The Rules will apply to any Legal Claim which may arise out of the application process or over Dillard's failure or refusal to offer me employment.  A free copy of the Rules is available A) by emailing a request for a copy to

---

[1] In her First Amended Complaint, Plaintiff alleges that she applied for work at the Dillard's in Pearland.  *See* First Amended Complaint, ¶ 8.  In her Response to the Motion to Compel Arbitration, Plaintiff states that she applied for a position at a Dillard's in Pasadena, Texas.  *See* Response, ¶ 1.

[2] In her Response, Plaintiff states that she applied for a position at the Baybrook store in May, but the application is dated April 5, 2012.  *See* Application for Employment, Exh. A-1 to Motion.

>    [email address] or B) by requesting a written copy of the Rules by dialing toll free [phone number].

*See id.* at 2 (capitalization in original).

Plaintiff alleges that she later submitted a "new application" for a full-time position at the Baybrook store. Plaintiff alleges that she was interviewed by Scarlet Tally, who informed Plaintiff that there was an available position at the Elizabeth Arden counter and introduced Plaintiff to the Elizabeth Arden cosmetics coordinator. Tally later informed Plaintiff that she would not be hired by Dillard's, but that a position was available with one of the independent cosmetic vendors at Dillard's, LVMH/Givenchy. Plaintiff accepted the position with the independent vendor. Plaintiff alleges that the Dillard's position for which she applied "remained open for more than two (2) months after, with no one being hired." *See* First Amended Complaint, ¶ 13.

Plaintiff filed this lawsuit, alleging that the employees she saw at the Baybrook store cosmetics counter were "tiny, young and non-Black." *See id.*, ¶ 14. Plaintiff claims that the failure to hire her for the full-time position in the Dillard's cosmetics counter was the result of race and age discrimination.

Dillard's filed an Answer [Doc. # 6], denying that it discriminated against Plaintiff. Dillard's then filed its Motion to Compel Arbitration, seeking enforcement of the arbitration agreement in the Application. Plaintiff opposes arbitration, arguing

that the arbitration agreement is not valid and is unenforceable. The Motion to Compel Arbitration has been fully briefed and is ripe for decision.

## II. ANALYSIS

### A. Applicable Legal Standard

Arbitration is a matter of contract between parties and, therefore, a court generally cannot compel arbitration unless the parties agreed to arbitrate the dispute in question. *See Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1064 (5th Cir. 1998) (citing *AT&T Techs., Inc. v. Commc'ns Workers*, 475 U.S. 643, 648 (1986)). The Federal Arbitration Act ("FAA"), however, contains a strong federal policy favoring arbitration of disputes and all doubts concerning arbitrability are resolved in favor of arbitration. *See Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004); *Hendricks v. UBS Fin. Servs., Inc.*, 2013 WL 5969888, *2 (5th Cir. Nov. 11, 2013).

The Court uses a two-step analysis to determine whether a party may be compelled to arbitrate a dispute. *Jones v. Halliburton Co.*, 583 F.3d 228, 233 (5th Cir. 2009). The first inquiry is whether the parties agreed to arbitrate the dispute, *i.e.*, whether (1) there is a valid agreement to arbitrate claims and (2) whether the dispute

in question falls within the scope of that arbitration agreement. *Id*. at 233-34.[3] In Texas, when determining whether an agreement to arbitrate exists, the Court applies Texas law governing the formation of contracts. *See Carey v. 24 Hour Fitness USA, Inc.*, 669 F.3d 202, 205 (5th Cir. 2012); *Hadnot v. Bay, Ltd.*, 344 F.3d 474, 476 (5th Cir. 2003). Under Texas contract law, "the determination of a meeting of the minds, and thus offer and acceptance, is based on an objective standard." *See Brown v. Mesa Distributors, Inc.*, 414 S.W.3d 279, 285 (Tex. App. – Houston [1st Dist.] 2013) (citing *DeClaire v. G & B Mcintosh Family Ltd. P'ship*, 260 S.W.3d 34, 44 (Tex. App. – Houston [1st Dist.] 2008, no pet.)). Under Texas law, a contract can be effective if signed by only one party, where one party signs the agreement and the other party demonstrates acceptance by his acts, conduct, or acquiescence in the terms of the contract. *See id.*

Arbitration agreements are subject to defenses applicable to contract formation under state law. *See Goins v. Ryan's Family Steakhouses, Inc.*, 181 F. App'x 435, 437

---

[3]The second inquiry, undertaken only if the first inquiry is answered in the affirmative, is whether "any federal statute or policy renders the claims nonarbitrable." *Jones*, 583 F.3d at 234 (citations omitted). In this case, neither party argues that a federal statute or policy bars arbitration.

(5th Cir. May 18, 2006) (citing 9 U.S.C. § 2; *Iberia Credit Bureau, Inc. v. Cingular Wireless LLC*, 379 F.3d 159, 166 (5th Cir. 2004)).

## III. ANALYSIS

### A. Existence of Valid Arbitration Agreement

Plaintiff argues that the arbitration agreement in issue is invalid because it was in an employment application and she was not hired. Plaintiff argues also, it appears, that the arbitration agreement is invalid because it was not supported by adequate consideration.

***Arbitration Agreement in Employment Application When Applicant Is Not Hired.*** – Plaintiff argues that, as a matter of law, an arbitration agreement in an employment application is not valid where, as here, the applicant was not hired. The legal authority on this issue is to the contrary.

Since at least 1998, federal courts have enforced arbitration agreements included in employment applications even if the applicant was not hired. In *Johnson v. Circuit City Stores*, 148 F.3d 373 (4th Cir. 1998), an African-American female applied for a position at Circuit City and was not hired. The application included an arbitration agreement, but the plaintiff argued that it had not been discussed with her before she signed it. The district court held that the arbitration agreement was not supported by adequate consideration. The Fourth Circuit reversed, holding that the

arbitration agreement was supported by adequate consideration even though the applicant was not hired, where both parties agreed to be bound by the arbitration process.[4] *See id.* at 378.

In *Moore v. Hobby Lobby Stores Inc.*, 2010 WL 3019719 (E.D. Ark. July 29, 2010), the plaintiff completed an employment application for a managerial position. The application contained an arbitration agreement. The plaintiff was not selected for the position. The Arkansas court held, as did the Fourth Circuit in *Johnson*, that the arbitration agreement was supported by adequate consideration and was enforceable. *Id.* at *2.

---

[4]The Fourth Circuit in *Johnson* held that an "agreement to 'be bound by the arbitration process' does not necessarily mean an agreement to submit the employer's claims to arbitration; rather it more likely means that the employer agreed, *with respect to any claims the employer has agreed should be submitted to arbitration*, be bound by the rules of the arbitration procedure and to be bound by its results." *Johnson*, 148 F.3d at 379 (emphasis in original). In the case at bar, Plaintiff and Defendant mutually agreed to be "subject to Dillard's RULES OF ARBITRATION." Those Rules of Arbitration provide the arbitration procedure, and provide specifically that the decision of the arbitrator is "final and binding." *See* Rules of Arbitration, Exh. A-2 to Motion to Compel Arbitration.

In *Gove v. Career Systems Development Corp.*, 824 F. Supp. 2d 205 (D. Maine 2011), the plaintiff submitted an online employment application that contained an arbitration agreement. Plaintiff was not selected for the position and alleged that it was because she was pregnant. The Maine district court concluded that the arbitration agreement was valid, but concluded also that it was ambiguous as to whether disputes regarding the application process for applicants who were not hired fell within the scope of the arbitration agreement. The language in the arbitration agreement in the *Gove* case referred only to the "employment process" and "pre-employment disputes." *See id.* at 210. The district court applied the rule of law in Maine that required any ambiguity to be construed against the drafter, and held that claims by applicants who were not hired were not within the scope of the arbitration agreement. The First Circuit affirmed, noting that the decision might be different if the strong federal policy favoring arbitration were applied, but holding that the defendant had waived any reliance on that policy. *See Gove v. Career Sys. Dev. Corp.*, 689 F.3d 1 (1st Cir. 2012).[5] Both the majority and dissenting opinions agreed that the dispute was one

---

[5]The First Circuit's decision included a dissent in which Circuit Judge Torruella disagreed that the defendant had waived the federal policy favoring arbitration. Judge Torruella stated also that "because all the judges on this panel conclude that Gove
(continued...)

"concerning the scope of the arbitration clause, not its validity." *See id.* at *5 (majority opinion), *9 (dissenting opinion).

In *Collier v. Real Time Staffing Services, Inc.*, 2012 WL 1204715 (N.D. Ill. Apr. 11, 2012), the plaintiff completed an on-line (electronic) job application, but was not hired. The Illinois district court held that the arbitration agreement in the application was enforceable and granted the defendant's motion to compel arbitration.

Most recently, in *McLean v. Byrider Sales of Indianas, LLC*, 2013 WL 4777199 (S.D. Ohio Sept. 5, 2013), the plaintiff completed an employment application, but was not hired. The district court held that the arbitration agreement in the application was valid and enforceable, and granted the defendant's motion to compel arbitration.

In each of these cases, the arbitration agreement in the employment application was valid even though the applicant was not hired. Neither party has cited any legal authority to the contrary, and this Court's research has not revealed any. As a result,

---

⁵(...continued)
accepted and entered into a valid agreement to arbitrate some of the disputes between herself and [the defendant], our precedent is clear that Maine contract law cannot trump the federal policy favoring arbitration in our assessment of [the] motion to compel." *Gove*, 689 F.3d at *12.

the Court concludes that an arbitration agreement is not invalid simply because it is contained in an employment application and the applicant is not hired.

*Adequate Consideration.*– Plaintiff appears to argue also that the arbitration agreement was not supported by valid consideration. It is clearly established under Texas law, however, that the parties' mutual promise to resolve disputes through arbitration constitutes valid consideration for the arbitration agreement.[6] *See In re 24R, Inc.*, 324 S.W.3d 564, 566 (Tex. 2010); *In re U.S. Home Corp.*, 236 S.W.3d 761, 764 (Tex. 2007); *Big Bass Towing Co. v. Akin*, 409 S.W.3d 835, 840 (Tex. App. – Dallas 2013). In this case, the parties each agreed to submit disputes regarding the application process to binding arbitration. Consequently, the arbitration agreement was supported by valid consideration.

---

[6]Dillard's asserts that it provided additional consideration by agreeing to consider Plaintiff's application for employment. Because Dillard's agreed to be mutually bound by the arbitration agreement, "it was not necessary that it agree to incur any *additional* detriment" in exchange for Plaintiff's agreement to arbitrate her claims, "regardless of whether that consideration was an agreement to actually consider her application or some other additional consideration. Rather, the agreement to be bound by the same rules was sufficient." *See Johnson*, 148 F.3d at 378 (emphasis in original).

## B.     <u>Defenses to Enforcement of Arbitration Agreement</u>

Plaintiff argues the arbitration agreement should not be enforced because she did not know what she was signing. Under Texas law, a party who signs a contract is presumed to have read and understood its contents. *See In re Prudential Co. of Am.*, 148 S.W.3d 124, 134 (Tex. 2004). Absent proof of her own mental incapacity, or that Defendant engaged in fraud or trickery, Plaintiff is presumed to have read and understood the arbitration agreement. *See id.*; *see also In re M.C.*, 412 S.W.3d 48, 55 (Tex. App. – El Paso, 2013); *Raymond James & Assocs. v. Bowman*, 196 S.W.3d 311, 318 (Tex. App. – Houston [1st Dist.] 2006, no pet.). Dillard's offered the arbitration agreement to Plaintiff by including it in its employment application form, and Plaintiff signed that she accepted Dillard's offer. There are no allegations by Plaintiff that she is mentally incompetent, or that Dillard's actively tricked her into signing the arbitration agreement. Consequently, Plaintiff's assertion that she did not understand what she was signing is not a basis to avoid the arbitration agreement.

Plaintiff argues also that the arbitration agreement is not enforceable because it is "procedurally unconscionable." Specifically, Plaintiff argues that the arbitration agreement was the result of fraud, misrepresentation, or deceit, and enforcement would result in unfair surprise. The law favors arbitration and, therefore, the party asserting unconscionability bears the burden of proof. *See In re FirstMerit Bank,*

*N.A.*, 52 S.W.3d 749, 756 (Tex. 2001). Claims that the plaintiff lacks sophistication or the ability to understand do not establish procedural unconscionability under Texas law. *See In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 679 (Tex. 2006). The few cases in which courts have found procedural unconscionability involved "situations in which one of the parties was incapable of understanding the agreement without assistance, and the other party did not provide that assistance." *See Superbag Operating Co., Inc. v. Sanchez*, 2013 WL 396247, *6 (Tex. App. – Houston [1st Dist.] Jan. 31, 2013, no pet.) (and cases cited therein).

Plaintiff has failed to allege facts from which the Court could find that the arbitration agreement was procured through fraud, misrepresentations or deceit. Plaintiff alleges only that she did not know that she was agreeing to arbitration and Defendant failed to explain it to her. These allegations fail to establish procedural unconscionability as to the execution of an arbitration agreement. *See In re Palm Harbor*, 195 S.W.3d at 679 (rejecting plaintiffs' assertion that they would not have signed the arbitration agreement if it had been explained to them). Defendant's arbitration provision is written in clear language, contains the word "ARBITRATION" prominently in all capital letters, and is placed immediately above the line on which the applicant signs the application. Plaintiff has failed to satisfy her

burden to demonstrate that the arbitration agreement with Defendant was procedurally unconscionable.

## IV.   CONCLUSION AND ORDER

The parties entered into a valid agreement to arbitrate the claims at issue in this case, and Plaintiff has failed to demonstrate that any defenses bar enforcement of the arbitration agreement. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Compel Arbitration [Doc. # 8] is **GRANTED**. It is further

**ORDERED** that this case is **STAYED AND ADMINISTRATIVELY CLOSED** pending arbitration. The parties are directed to file a written status report on **April 30, 2014**, and every ninety (90) days thereafter until the arbitration proceeding is complete.

SIGNED at Houston, Texas, this **31st** day of **January, 2014.**

_____
Nancy F. Atlas
United States District Judge